IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

| | |
|---|---|
| **TAYLOR CORDY**, individually and on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**IRA L. GROSSMAN DVM, PLC d/b/a PALMS WEST VETERINARY HOSP.**, a Florida Limited Liability Company, **IRA GROSSMAN**, individually, and **GLEN GROSSMAN**, individually,<br><br>    Defendants. | Case No.: _____<br><br>**JURY DEMAND** |

**COLLECTIVE ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff, Taylor Cordy, individually and on behalf of herself and others similarly situated, by and through her undersigned counsel, files this Collective Action Complaint and Demand for Jury Trial against Defendants, Ira L. Grossman DVM, PLC d/b/a Palms West Veterinary Hosp., ("Palms West"), Ira Grossman ("I. Grossman"), and Glen Grossman ("G. Grossman") (Palms West, I. Grossman, and G. Grossman are collectively referred to as "Defendants") and states:

**JURISDICTION & VENUE**

1.  Jurisdiction in this Court is proper as the claims herein are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Palm Beach County, Florida, located within the Southern District of Florida.

## PARTIES and FLSA COVERAGE

4. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Southern District of Florida.

5. At all times material hereto, Palms West was, and continues to be a Florida Limited Liability Company, engaged in business in Florida, with a principle place of business in Palm Beach County, Florida.

6. At all times material hereto, I. Grossman was engaged in business in the State of Florida.

7. At all times material hereto, I. Grossman was, and continues to be, an individual resident of the State of Florida.

8. At all times material hereto, I. Grossman owned and operated Palms West.

9. At all times relevant to this action, I. Grossman managed and operated Palms West on a day to day basis.

10. At all times material hereto, I. Grossman regularly exercised the authority to hire and fire employees of Palms West.

11. At all times material hereto, I. Grossman determined the work schedules for the employees of Palms West.

12. At all times material hereto, I. Grossman regularly directed the work of the employees of Palms West.

13. At all times material hereto, I. Grossman controlled the finances and operations of Palms West.

14. At all times material hereto, G. Grossman was engaged in business in the State of Florida.

15. At all times material hereto, G. Grossman was, and continues to be, an individual resident of the State of Florida.

16. At all times material hereto, G. Grossman exercised significant operational control over Palms West.

17. At all times relevant to this action, G. Grossman managed and operated Palms West on a day to day basis.

18. At all times material hereto, G. Grossman regularly exercised the authority to hire and fire employees of Palms West.

19. At all times material hereto, G. Grossman determined the work schedules for the employees of Palms West.

20. At all times material hereto, G. Grossman regularly directed the work of the employees of Palms West.

21. At all times material hereto, G. Grossman controlled the finances and operations of Palms West.

22. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA. Named Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

23. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

24. Defendants were, and continue to be, "employer(s)" within the meaning of the FLSA.

25. At all times material hereto, Palms West was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

26. At all times material hereto, Palms West was, and continues to be, an enterprise engaged in the "production of goods and services," in that its employees provide goods and services within the meaning of the FLSA.

27. Based upon information and belief, the annual gross revenue of Palms West is and was in excess of $500,000.00 per annum for all relevant time periods.

28. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of her usage of items that travelled in interstate commerce in the exercise of her regular duties as an employee of Defendants.

29. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

**STATEMENT OF FACTS**

30. Defendants operate as a 24 hour emergency veterinary hospital.

31. Defendants hired Plaintiff to work as a non-exempt veterinary technician in approximately February 2016.

32. Plaintiff worked for Defendant in this capacity until August 2020.

33. Plaintiff's duties included, but were not limited to, providing animal care, and assisting veterinarians during animal examinations and operations.

34. At all times relevant to the claim, Plaintiff was compensated on an hourly basis.

35. However, Plaintiff was not properly compensated for all of the hours that she worked each week in most, if not all, workweeks.

36. Instead, from at least February 2016 through approximately March 2020, Defendants systematically paid Plaintiff, and other similarly situated employees, at their regular hourly rate of pay for the hours that they worked over forty each week.

37. Beginning in approximately March 2020 Defendants systematically paid Plaintiff, and continue to pay other similarly situated employees for substantially fewer hours than they actually worked/work.

38. Specifically, beginning in approximately March 2020, if Plaintiff worked any time beyond her scheduled work hours, she was not paid any wages whatsoever for that time.

39. For example, if Plaintiff was in the middle of assisting a veterinarian with a procedure, and the procedure went beyond her scheduled work hours, Plaintiff was not compensated for the time that she worked beyond her scheduled work hours.

40. Some, if not all, of the time that Plaintiff was not compensated for are overtime hours (*i.e.*—hours over forty in a single workweek).

41. On at least one occasion, Plaintiff brought this issue to Glen Grossman's attention, but nothing was done to rectify the situation.

42. During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in one or more workweeks.

43. At various times throughout the duration of Plaintiff's employment as a veterinary technician for Defendants, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single

workweek.

44. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

45. At various times throughout the duration of Plaintiff's employment as a veterinary technician for Defendants, Defendants' practice of refusing to compensate their employees for the hours that they worked beyond their scheduled work hours resulted in Plaintiff, and other similarly situated employees, being compensated at a rate less than the applicable minimum wage for all hours worked in a workweek.

46. Plaintiff should have been, and should be compensated, at least the applicable minimum wage for all hours that she worked each week, plus proper overtime compensation for the hours that she worked over forty in a single work week.

47. Defendants have violated Title 29 U.S.C. §§ 206 and 207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks during her employment as a veterinary technician with Defendants;

   b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek while Plaintiff worked as an veterinary technician for Defendants as provided by the FLSA;

   c. Defendants failed to pay Plaintiff at least minimum wage in one or more workweeks in violation of the FLSA;

   d. Defendants have failed to maintain proper time records as mandated by

      the FLSA;

    e.    Defendants failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful or demonstrated reckless disregard for the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

48.    Plaintiff and the class members are/were all non-exempt employees of Defendants and were compensated in the same manner.

49.    All of these non-exempt individuals were, and are, paid in the same manner—*i.e.* on an hourly basis.

50.    The aforementioned pay practices applicable to Plaintiff were applied to all non-exempt hourly paid employees and have resulted in Defendants' failure to pay the employees in the proposed class at a rate that is one and one-half times their regular rate of pay for all of the hours that they worked over forty (40) in most, if not all, workweeks.

51.    Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

52.    Defendants' failure to compensate its employees for all of the hours that they worked in excess of forty (40) hours in a workweek at one and one-half times their regular rate of pay as required by the FLSA results from a policy and/or practice applicable to all of Defendants' non-exempt hourly paid employees.

53.    Defendants' practice of failing to pay Plaintiff for any hours that she worked beyond her scheduled work hours beginning in approximately March 2020 also resulted in employees in the proposed class being compensated at a rate less than the applicable minimum wage for all hours worked in a workweek.

54. Thus, the class members are owed minimum wages for the same reasons as Plaintiff.

55. Defendants' failure to compensate its other employees employed in similar positions less than the applicable minimum wage for all of the hours that they worked in most, if not all, workweeks as required by the FLSA results from a policy and/or practice applicable to all of Defendants' non-exempt hourly paid employees companywide.

56. This policy or practice was applicable to Plaintiff and the class members.

57. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

58. Rather, the same policy or practice which resulted in the non-payment of proper overtime and minimum wages to Plaintiff applied, and continues to apply, to all class members.

59. Accordingly, the class members are properly defined as:

> **All hourly paid employees who worked for Defendants within the last three years who were not compensated at a rate at least equivalent to the applicable minimum wage in one or more workweeks as required by the FLSA, and/or who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours.**

60. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation and minimum wages with respect to Plaintiff and the class members.

61. Specifically, despite the fact that numerous hourly paid employees brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employ, Defendants' refused to pay Plaintiff and the similarly situated employees their proper compensation as required by the FLSA.

62. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

63. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

64. Defendants' failure to properly compensate employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' policy or practice of altering the timesheets that applies to all similarly-situated employees.

65. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees at the applicable minimum wage for all hours worked in a workweek.

66. Defendants' failure to compensate the proposed class members at the applicable minimum wage for all hours worked in a particular workweek, results from Defendants' policy or practice of altering the timesheets that applies to all similarly-situated employees.

67. Defendants have acted willfully and/or with reckless disregard of the FLSA in failing to pay Plaintiff and the class members in accordance with the law.

68. Defendants have failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

69. Plaintiff realleges and reincorporates paragraphs 1 through 68 as if fully set forth herein.

70. Throughout the duration of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours in most, is not all, workweeks.

71. Throughout the duration of his employment, Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

72. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendants.

73. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

74. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work for Defendants.

75. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

76. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per

week, plus liquidated damages.

77. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

78. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than one and one-half times their regular rate of pay for their overtime hours worked each week.

79. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants have failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and one-half their regular rate of pay for such hours.

80. Plaintiff demands trial by jury.

## COUNT II
## VIOLATION OF 29 U.S.C. § 206
## MINIMUM WAGE COMPENSATION

81. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-80 as if fully set forth herein.

82. Plaintiff is entitled to be paid minimum wage for all hours that she worked each week during her employment with Defendants.

83. Defendants failed to pay, and continue to fail to pay, Plaintiff minimum wage for all hours that she worked in most, if not all, workweeks during her employment with Defendants.

84. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for same.

85. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage during one or more weeks of employment with Defendants.

86. Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

87. Defendants willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

88. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek while employed by Defendants;

    b. Awarding Plaintiff minimum wage compensation in the amount due to her for workweeks Plaintiff worked for Defendants but was not compensated a rate equivalent to the applicable minimum wage;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime and/or minimum wage award;

    d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    e. Granting Plaintiff an Order, on an expedited basis, allowing her to send

        Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiff;

f.    An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

g.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 10th day of September, 2020.

Respectfully Submitted,

***/s/ Chanelle J. Ventura***
Chanelle J. Ventura, Esquire
Florida Bar No.: 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
Email: CVentura@forthepeople.com

*Trial Counsel for Plaintiff*