UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-cv-81580-AMC

TAYLOR CORDY,

    Plaintiff,

v.

IRA L. GROSSMAN DVM, PLC d/b/a
PALMS WEST VETERINARY HOSP.,
a Florida Limited Liability Company,
IRA GROSSMAN, individually, and
GLEN GROSSMAN, individually,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISS ACTION WITH PREJUDICE**

    Plaintiff and Defendants, by and through their respective undersigned counsel, hereby jointly move for approval of their FLSA settlement and for the dismissal with prejudice of this action, and say:

    1.    Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), by failing to pay her alleged unpaid overtime and minimum wage compensation.

    2.    Defendants vigorously deny any wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever.  The parties agree there are bona fide, good faith disputes as to both liability and damages regarding Plaintiff's claims.

    3.    The parties have engaged in meaningful negotiations through counsel and have reached a settlement of this matter.

4.	Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). In Lynn's Food Stores, the Eleventh Circuit observed that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." Id. at 1354. Accordingly, the Eleventh Circuit reasoned that when the parties are represented by counsel it is likely there is a reasonable compromise and the settlement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

5.	The parties request that the Court review and approve their settlement, and they concurrently move to dismiss this action with prejudice. The parties have agreed to the dismissal of this action with prejudice on the condition that the Court retain jurisdiction to enforce the terms of the settlement agreement. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

6.	Plaintiff and Defendants are each represented by experienced counsel who are extremely well-versed in FLSA litigation. The parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

7. Confidentiality is a material term of the parties' settlement agreement, and the parties are submitting a copy of their settlement agreement via email for *in camera* review contemporaneous with the filing of this motion.[1] The total amount of the settlement and the specific amounts to be received by Plaintiff and by Plaintiff's counsel for attorney's fees and costs are set forth in paragraph 5 of the settlement agreement. The amount paid for attorney's fees and costs fully satisfies Plaintiff's obligations for those items.

8. Although the parties desire for the specific terms and amounts to remain confidential, based on the parties' exchange of information and Plaintiff's calculation of damages, Plaintiff will be receiving over 70% of her alleged unpaid wages and liquidated damages, plus additional consideration for other terms in the settlement agreement. The agreement's terms reflect the parties' recognition of the risks and costs of further litigation.

9. In order to avoid the risks and costs of litigation, the parties agree that resolving this litigation in accordance with their settlement agreement makes sense for all concerned.

WHEREFORE, Plaintiff and Defendants jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith and is being emailed to chambers.

Respectfully submitted this 2nd day of December, 2020.

---

[1] Judges in the Southern District of Florida have agreed to such *in camera* review of FLSA settlement agreements. See, e.g., Moore v. S. Florida Restoration, Inc., 2018 WL 6620872 (S.D. Fla. Nov. 16, 2018) (granting joint motion for *in camera* review and approval of FLSA settlement agreement); Freyre v. Tin Wai Hui DMD, P.A., 2009 WL 89283 (S.D. Fla. Jan. 13, 2009) (approving FLSA settlement agreement after *in camera* review). Moreover, when a plaintiff receives separate consideration for a confidentiality provision in an FLSA settlement agreement, the agreement remains fair and reasonable. Smith v. Aramark Corp., 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).

<u>*Chanelle J. Ventura*</u>
Chanelle J. Ventura, Esq.
Fla. Bar No. 1002876
Email: CVentura@forthepeople.com
Morgan & Morgan, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Tel.: (954) 318-0268
Fax.: (954) 333-3515
*Counsel for Plaintiff*

<u>*Adam S. Chotiner*</u>
Adam S. Chotiner, Esq.
Fla. Bar No. 0146315
Email:  achotiner@sbwh.law
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Rd., Suite 400
Boca Raton, FL  33434
Tel.:  (561) 477-7800
Fax:  (561) 477-7722
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam S. Chotiner*
Adam S. Chotiner

## **SERVICE LIST**

*Taylor Cordy v. Ira L. Grossman DVM, PLC dba Palms West Veterinary Hosp., et al.*
Case No. 9:20-cv-81580-AMC
United States District Court, Southern District of Florida

| | |
|---|---|
| Chanelle Joy Ventura<br>Email: cventura@forthepeople.com<br>Morgan and Morgan, PA<br>600 N Pine Island Road, Suite 400<br>Plantation, FL 33324<br>Tel: (954) 318-0268<br>Fax: (954) 327-3013<br>Counsel for Plaintiff<br>*Via CM/ECF* | Adam S. Chotiner, Esq.<br>E-Mail: achotiner@sbwh.law<br>Shapiro, Blasi, Wasserman<br> & Hermann, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, FL 33434<br>Tel.: (561) 477-7800<br>Fax: (561) 477-7722<br>Counsel for Defendants<br>*Via CM/ECF* |