UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-81580-CIV-CANNON

**TAYLOR CORDY**,

    *Plaintiff*,

v.

**IRA L. GROSSMAN DVM, PLC** *d/b/a*
**PALMS WEST VETERINARY HOSP.**,
*a Florida Limited Liability Company,*
**IRA GROSSMAN**, and
**GLEN GROSSMAN**,

    *Defendants*.

_____/

## ORDER DENYING WITHOUT PREJUDICE JOINT MOTION TO APPROVE FLSA SETTLEMENT

**THIS CAUSE** came before the Court upon the parties' Joint Motion to Approve Settlement and Dismiss Action with Prejudice [ECF No. 14], filed December 2, 2020. The parties seek the Court's approval of their proposed Settlement Agreement and Mutual General Release. Rather than publicly file the proposed agreement in the public record, however, the parties submitted the agreement via email to the Court and requested an *in camera* review of the proposed settlement, which contains a provision for attorney's fees. After carefully considering the Motion, the proposed Settlement Agreement, and the applicable law, the Court **DENIES WITHOUT PREJUDICE** the Joint Motion for the reasons stated below.

Before a court may approve a settlement in a case filed under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex*

*rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). This evaluation requires the Court to consider a number of factors, including the reasonableness of proposed attorneys' fees in relation to the number of hours expended on this case and a description of the work performed. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

In this case, neither the Motion nor the Proposed Settlement Agreement includes affidavits or exhibits detailing the number of hours Plaintiff's counsel worked on this case, the description of the work done for those hours, and what hourly rates were used to calculate reasonable fees. Without that information, the Court cannot scrutinize the reasonableness of the attorney's fees and costs awarded under the Agreement. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.

Additionally, as noted, the parties ask the Court to conduct an *in camera* review of the proposed Settlement Agreement, but such a request runs counter to the practice of the Court. Absent "truly extraordinary circumstances" not identified in the Joint Motion, FLSA settlement agreements should be filed in the public record. *See, e.g.*, *Lubello v. Ocean CC, LLC*, 2019 WL 8989934, *1 (S.D. Fla. Nov. 15, 2019); *Palacios v. MetroPCS Fla.*, LLC, No. 13-61159-CIV, 2013 WL 12152418, at *1 (S.D. Fla. Aug. 12, 2013). Accordingly, the parties have until January 22, 2021, either to file their agreement on the record and renew their motion for approval and dismissal or to renew their motion for approval setting forth therein the *truly extraordinary circumstances* that warrant non-public review of the settlement agreement. Simply claiming that confidentiality is a material or essential term of the parties' settlement agreement will not justify keeping FLSA settlement agreements out of the public record.

The Agreement also contains at least two additional objectionable clauses that have no place in FLSA settlements.

First, the agreement contains a broad confidentiality clause that contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights. *See, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).

Second, the Proposed Settlement Agreement contains an unbounded and pervasive release provision that requires the Plaintiff to release many known and unknown legal claims having nothing apparent to do with the current FLSA dispute, including but not limited to any and all claims under the Employee Retirement Income Security Act, the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and various other federal and statute statutes and common law causes of action that far exceed any relationship to the instant controversy. *See Rodrigues v. CNP of Sanctuary, LLC*, No. 11-80668-CIV, 2012 WL 12895254, at *2 (S.D. Fla. Mar. 6, 2012); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. Aug. 6, 2010). The Court will not approve a settlement containing a sweeping and pervasive release of this nature.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Joint Motion to Approve Settlement **[ECF No. 14]** is **DENIED WITHOUT PREJUDICE.**

2. On or before **January 22, 2021**, the parties must submit a revised settlement agreement that eliminates the objectionable release and confidentiality provisions discussed in this Order and otherwise conforms to the requirements of the FLSA.

CASE NO. 20-81580-CIV-CANNON

3. The Joint Motion must include sufficient detail to evaluate the reasonableness of the proposed attorney's fees, including affidavits or exhibits regarding same.

4. Finally, the parties must submit the revised settlement agreement publicly on the electronic docket or renew their joint motion for approval setting forth therein the truly extraordinary circumstances that warrant non-public review of the settlement agreement.

**DONE AND ORDERED** in Fort Pierce, Florida, this 3rd of January 2021.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record