UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-cv-81580-AMC

TAYLOR CORDY,

    Plaintiff,

v.

IRA L. GROSSMAN DVM, PLC d/b/a
PALMS WEST VETERINARY HOSP.,
a Florida Limited Liability Company,
IRA GROSSMAN, individually, and
GLEN GROSSMAN, individually,

    Defendants.
_____/

## RENEWED JOINT MOTION TO APPROVE SETTLEMENT
## AND DISMISS ACTION WITH PREJUDICE

    Plaintiff and Defendants, by and through their respective undersigned counsel, hereby jointly move for approval of their revised FLSA settlement and for the dismissal with prejudice of this action, and say:

    1.    On January 3, 2021, the Court entered an order denying without prejudice the parties' initial joint motion to approve settlement and dismiss action with prejudice [ECF No. 15]. The Court directed the parties to submit a revised settlement agreement that addresses the concerns and objections raised by the Court in its order. As set forth further below, the parties have complied with the Court's directions.

    2.    Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), by failing to pay her alleged unpaid overtime and minimum wage compensation. Specifically, Plaintiff alleges that if she worked more than her scheduled work

hours, she was not compensated for same. *See* D.E. 1. Although Plaintiff filed her Complaint as a collective action, no other current or former employees have sought to join the lawsuit.

3.      Defendants vigorously deny any wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever. Specifically, Defendants allege that Plaintiff is not entitled to relief because, inter alia, they are not covered employers under the FLSA, that Plaintiff was fully and properly paid for all of the hours that she worked, and that they acted in good faith and in conformity with the FLSA. *See* D.E. 11.

4.      The parties agree there are bona fide, good faith disputes as to both liability and damages regarding Plaintiff's claims.

5.      The parties have engaged in meaningful negotiations through counsel and have reached a settlement of this matter. A copy of the parties' revised settlement agreement is attached hereto as Exhibit "A."

6.      The revised settlement agreement complies with the Court's January 3, 2021 Order by removing broad and unlimited general release language. The release language set forth in paragraph 6 is limited to the claims Plaintiff brought, or could have brought, in this action. Moreover, the revised settlement agreement contains no confidentiality provision. In addition, the parties are not seeking *in camera* review of their settlement, nor are the parties seeking leave to file the revised settlement agreement under seal. Instead, as noted, the revised settlement agreement is attached hereto.

7.      Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). In *Lynn's Food Stores*, the Eleventh Circuit observed that when an employee initiates a private cause of

action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Id.* at 1354. Accordingly, the Eleventh Circuit reasoned that when the parties are represented by counsel it is likely there is a reasonable compromise and the settlement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

8. Based on Plaintiff's recollection of her hours worked and the amounts paid to her by Defendants, Plaintiff estimates that her maximum damages at trial could not be more than $2,850.90, inclusive of liquidated damages. Based on the settlement, Plaintiff will be recovering 70% of her maximum possible recovery at trial, including liquidated damages and an additional amount of $500.00 in consideration for a *mutual* non-disparagement agreement. *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-CV-457-ORL-28TB, 2013 WL 3153974, at *3 (M.D. Fla. June 19, 2013) (holding where a non-disparagement clause is mutual, it confers a benefit upon plaintiff and does not render the FLSA settlement unfair or unreasonable.). Moreover, because this matter involves allegations regarding unpaid wages for undocumented, off-the-clock work hours, a jury could choose not to credit Plaintiff's recollection of her hours worked and award Plaintiff with less that the amount of settlement, assuming Plaintiff were to prevail at trial.

9. Plaintiff and Defendants are each represented by experienced counsel who are extremely well-versed in FLSA litigation. The parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise

of Plaintiff's claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

10.  The revised settlement agreement's terms reflect the parties' recognition of the risks and costs of further litigation.

11.  With regard to attorney's fees and costs incurred upon litigating this case on Plaintiff's behalf, "[t]he FLSA provides that the Court 'shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Azam-Qureshi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1296 (S.D. Fla. 2008), *quoting* 29 U.S.C. § 216(b). "The starting point in any reasonable fee determination is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate." *Id.* "In determining the reasonable number of hours expended on the litigation, the Supreme Court requires fee applicants to exercise 'billing judgment.'" *Id.* quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). "In determining the reasonable hourly rate, the Court looks for the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation for similar services." *Id.*

Attached to this Motion as Exhibit "B" are the Declaration of Chanelle Ventura, Plaintiff's Counsel, an itemized time report, and itemized list of costs. The declaration contains certification that Plaintiff's Counsel has fully reviewed the time records that are attached to her Declaration, which are the supporting data for the Declaration, and that the hours claimed are well grounded in fact and justified. The Declaration and exhibits attached thereto confirm the total hours in litigating this case to the date when the Joint Motion to Approve Settlement was filed. *See* Exhibit B; D.E. 14. Here, Plaintiff's counsel has expended 20.45 hours litigating this case on

behalf of the Plaintiff and has incurred $560.50 in costs. *See* Declaration of Chanelle Ventura and the Exhibits attached thereto.

With respect to customary fees, Chanelle Ventura typically bills anywhere between $250 per hour to $300 per hour on FLSA matters, depending on the market in which a case is pending. *See* Ventura Dec. ¶ 12. When an attorney's requested rate is the customary billing rate and within the range of prevailing market rates, the court should consider the rate *prima facie* reasonable if not contested. *See Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 328 (5th Cir. 1995*).* In recent decisions within this Circuit, other courts have held that a reasonable hourly rate for attorneys with the skill and experience of attorneys such as Chanelle Ventura should recover a reasonable hourly rate of $275 per hour. *See, e.g., Yasmin v. Triple T II, Inc*., 2020 WL 418874, at *5 (M.D. Fla. Jan. 27, 2020) (finding a $275 hourly rate for an attorney of similar skill and experience to that of attorney Ventura to be reasonable); *Davis v. D&G Erectors Corp*., 2019 WL 3383547, at *4 (M.D. Fla. May 29, 2019) (same). Consistent with these decisions, Plaintiff respectfully submits that Chanelle Ventura's reasonable hourly rate is at least $275.00 per hour. Defendants do not object to the reasonableness of the hours expended by Plaintiff's counsel, nor do they object to her hourly rate. Indeed, Defendants agree that same are reasonable under the circumstances.

Notwithstanding the above, the attorney's fees and costs that Plaintiff's counsel will be receiving pursuant to the settlement agreement were negotiated separately and apart from the amount that Plaintiff is recovering. *See Bonetti v. Embarq Mgmt. Co*., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (holding where "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely

5

affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Here, the amount that Plaintiff is recovering in the settlement was agreed upon separate and apart from the amount of attorney's fees incurred.

12. In order to avoid the risks and costs of litigation, the parties agree that resolving this litigation in accordance with their revised settlement agreement makes sense for all concerned.

WHEREFORE, Plaintiff and Defendants jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith and is being emailed to chambers.

Respectfully submitted this 29th day of January, 2021.

| | |
|---|---|
| *Chanelle J. Ventura* | *Adam S. Chotiner* |
| Chanelle J. Ventura, Esq. | Adam S. Chotiner, Esq. |
| Fla. Bar No. 1002876 | Fla. Bar No. 0146315 |
| Email: CVentura@forthepeople.com | Email: achotiner@sbwh.law |
| Morgan & Morgan, P.A. | Shapiro, Blasi, Wasserman & Hermann, P.A. |
| 8151 Peters Rd., Suite 4000 | 7777 Glades Rd., Suite 400 |
| Plantation, FL 33324 | Boca Raton, FL 33434 |
| Tel.: (954) 318-0268 | Tel.: (561) 477-7800 |
| Fax.: (954) 333-3515 | Fax: (561) 477-7722 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29th, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam S. Chotiner*
Adam S. Chotiner

## **SERVICE LIST**

*Taylor Cordy v. Ira L. Grossman DVM, PLC dba Palms West Veterinary Hosp., et al.*
Case No. 9:20-cv-81580-AMC
United States District Court, Southern District of Florida

| | |
|---|---|
| Chanelle Joy Ventura<br>Email: cventura@forthepeople.com<br>Morgan and Morgan, PA<br>600 N Pine Island Road, Suite 400<br>Plantation, FL 33324<br>Tel: (954) 318-0268<br>Fax: (954) 327-3013<br>Counsel for Plaintiff<br>*Via CM/ECF* | Adam S. Chotiner, Esq.<br>E-Mail: achotiner@sbwh.law<br>Shapiro, Blasi, Wasserman<br>  & Hermann, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, FL 33434<br>Tel.: (561) 477-7800<br>Fax: (561) 477-7722<br>Counsel for Defendants<br>*Via CM/ECF* |